# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, as Subrogee of Alpha Group Investments, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RASHONDRA SMITH,<br><br>Defendant. | **COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff Foremost Insurance Company Grand Rapids, Michigan, as Subrogee of Alpha Group Investments, LLC, by and through its undersigned counsel, and for its Complaint against Defendant Rashondra Smith, respectfully states to the Court and alleges the following:

## PARTIES

1. Plaintiff Foremost Insurance Company Grand Rapids, Michigan, as Subrogee of Alpha Group Investments, LLC ("Foremost"), is an insurance company organized and existing pursuant to the laws of the State of Michigan. At all times relevant to the allegations contained herein, Foremost was an insurance company licensed to do business in the State of North Carolina and provided insurance coverage to Alpha Group Investments, LLC against losses arising from certain hazards to its property located at 620 Corriher Gravel Rd., China Grove, North Carolina (the "Alpha House"). At all relevant times, including the date of the incident giving rise to this action, this policy was in full force and effect.

2. At all times relevant, Alpha Group Investments, LLC (hereinafter "Alpha Group") owned the real property and improvements located at 620 Corriher Gravel Rd., China Grove, North Carolina.

3. Defendant Rashondra Smith (hereinafter "Ms. Smith") is a natural person, citizen, and resident of the State of North Carolina who, at all times relevant to the allegations contained herein, was renting the Alpha House from Alpha Group. Upon information and belief, Ms. Smith may be served with process at 620 Corriher Gravel Rd., China Grove, North Carolina 28023.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states in that the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendant.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the Defendant resides in this district and a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in China Grove, North Carolina.

## FACTS

6. In November 2019, Ms. Smith entered into a Residential Rental Agreement with Alpha Group to rent the Alpha House (the "Rental Agreement"). A true and accurate copy of the Rental Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.

7. On March 7, 2022, a fire occurred at the Alpha House, which resulted in substantial damage to the Alpha House and Alpha Group's property (the "Fire").

8. At all relevant times, including the date of the Fire, Ms. Smith was a tenant of Alpha House and the Rental Agreement was in full force and effect and was binding upon Ms. Smith.

9. Pursuant to Paragraph 10 of the Rental Agreement, Ms. Smith agreed to the following:

> **Damages**: Tenant shall be responsible for and liable to the Landlord for all damage to, defacement of, or removal of property from the premises whatever the cause, except such damage, defacement or removal caused by ordinary wear and tear, acts of the Landlord, his agent, or of third parties not invitees of the Tenant, and natural forces. Tenant agrees to pay Landlord for the cost of repairing any damage for which Tenant is responsible upon receipt of Landlord's demand therefor, and to pay the Rent during the period the Premises may not be habitable as a result of any such damage.

10. Ms. Smith admitted to the China Grove Fire Chief that she caused the Fire when she was frying fish in a pan on the stove and the grease in the pan caught fire and spread to other property. (See China Grove Fire Department Report attached hereto as Exhibit "B").

11. As a direct and proximate result of the damage caused by the Fire, Alpha Group filed a property insurance claim with Foremost. Foremost, in response to this property insurance claim and in accordance with its obligations under the policy, paid a total of Seventy-Nine Thousand Nine Hundred Twelve and 44/100 Dollars ($79,912.44) for damages caused by the Fire.

12. To the extent of its payments for damage to covered property under the applicable property insurance policy, Foremost is subrogated to all rights and claims Alpha Group may have against Ms. Smith.

13. The acts and omissions of Ms. Smith directly and proximately caused the damages sustained by Plaintiff Foremost. Accordingly, Ms. Smith is liable to Plaintiff for the previously described damages.

14. All conditions precedent to bringing the causes of action contained herein have been met and this Complaint has been filed prior to any and all applicable claims limitations periods, including the applicable statutes of limitations.

15. Despite previous demand, Ms. Smith has failed and refused to pay for the aforementioned damages. As such, and pursuant to Paragraph 17 of the Rental Agreement, Plaintiff is entitled to recover its attorneys' fees and court costs in addition to all other damages.

## **COUNT I – BREACH OF CONTRACT**

16. Plaintiff hereby incorporates and realleges Paragraphs 1 – 15 as if fully stated herein.

17. Ms. Smith had contractual duties with respect to how she conducted herself at the Alpha House, and to not negligently or otherwise damage the Alpha House.

18. Ms. Smith had a contractual duty to exercise reasonable and due care in maintaining the subject property so as not to cause injury or damage to the Alpha House.

19. Ms. Smith breached the Rental Agreement and her contractual duties by her negligent acts and omissions, which include, but are not limited to:

    a. Failing to act in the manner required by the Rental Agreement;

    b. Failing to keep the Alpha House in a clean and safe condition;

    c. Negligently destroying or damaging the Alpha House;

    d. Requiring Plaintiff to retain an attorney to enforce the terms of the Rental Agreement;

    e. Failing to act in a reasonable and prudent manner; and

f.  Otherwise failing to abide by the Rental Agreement in ways that may be disclosed during discovery.

20. The Fire at the Alpha House was a direct and proximate result of Ms. Smith's careless, reckless and negligent actions and caused substantial damage to the Alpha House.

21. As a direct and proximate result of Ms. Smith's breach of the Rental Agreement, Plaintiff has suffered damages in an amount of at least Seventy-Nine Thousand Nine Hundred Twelve and 44/100 Dollars ($79,912.44), plus all reasonable attorneys' fees and court costs pursuant to the terms of the Rental Agreement.

WHEREFORE, Plaintiff Foremost Insurance Company Grand Rapids, Michigan, as Subrogee of Alpha Group Investments, LLC, demands judgment against Defendant Rashondra Smith in the amount of at least Seventy-Nine Thousand Nine Hundred Twelve and 44/100 Dollars ($79,912.44), together with interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II - NEGLIGENCE

22. Plaintiff hereby incorporates and realleges Paragraphs 1 – 15 as if fully stated herein.

23. Ms. Smith owed a duty to exercise reasonable and due care with respect to how she conducted herself at the Alpha House so as not to cause harm to the Alpha House or the Alpha Group's property.

24. Defendant breached her duty of care by her wrongful and negligent acts and omissions, which include, but are not limited to:

a.  Permitting dangerous and/or defective conditions to exist in the Alpha House when she knew, or should have known, that such conditions would

create an unreasonable risk of fire, damage and destruction to the Alpha House;

b. Failing to maintain a safe premises;

c. Failing to take all precautions necessary under the circumstances to safeguard the premises from risk of fire;

d. Negligently destroying or damaging the Alpha House;

e. Failing to act in a reasonable and prudent manner; and

f. Otherwise failing to use due care in ways that may be disclosed during discovery.

25. As a direct and proximate result of the negligent and careless acts and omissions of Ms. Smith, Plaintiff has suffered damages in an amount of at least Seventy-Nine Thousand Nine Hundred Twelve and 44/100 Dollars ($79,912.44).

WHEREFORE, Plaintiff Foremost Insurance Company Grand Rapids, Michigan, as Subrogee of Alpha Group Investments, LLC, demands judgment against Defendant Rashondra Smith in the amount of at least Seventy-Nine Thousand Nine Hundred Twelve and 44/100 Dollars ($79,912.44), together with interest, the costs of this action, and such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY IN THIS ACTION.

This the 19th day of July, 2023.

> FALLS LAW FIRM, PLLC
>
> By: /s/ H. Lee Falls, III
> H. Lee Falls, III, Esquire, NC Bar #36183
> 1712 Euclid Avenue
> Charlotte, NC 28203
> Telephone: 704-314-4845
> Facsimile: 704-519-2522
> lfalls@fallslawfirm.com
> *COUNSEL FOR PLAINTIFF*